UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SLATE M. GRAY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No.: 1:15-0073 |
| | ) Judge Sharp |
| MICHAEL GRAY and | ) |
| WALGREEN CO., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Defendant Walgreen Co.'s Motion to Dismiss (Docket No. 9), to which Plaintiff Slate M. Gray has responded in opposition (Docket No. 11), and Walgreen has replied (Docket No. 13). For the reason that follow, the Motion will be denied.

**I.**

So far as they pertain to the pending Motion, the relevant allegations in Plaintiff's Complaint are as follows:

> 3. . . . On or about August 27, 2014, Gray attempted to purchase an over-the-counter sinus drug at the Walgreen's store on James Campbell Boulevard in Columbia, Tennessee using a twenty dollar bill. The employees working at the Walgreen's pharmacy refused to take the twenty dollar bill because it "looked counterfeit" because of appearance of age. At no time did they perform any test on the bill to determine if the paper was issued by the United States Treasury.
>
> 3.1. After refusing to take the twenty dollar bill, employees of the Walgreen store called the Columbia City police informing them that they believed the twenty dollar bill was fake.
>
> 3.2. The Defendant, Officer Gray, arrived at the scene and made contact with employees of Walgreen. While Officer Gray was interviewing the employees, Plaintiff Gray, who at the time was still inside the store, walked past him and was

1

> identified by the Walgreen employees.
>
> 3.3. Defendant, Officer Gray, followed the Plaintiff outside of the store, stopped him and began questioning him.
>
>     \*    \*    \*
>
> 3.7. Instead of taking the name and address of the Plaintiff and turning the bill over to the United States Secret Service, based on the Walgreen employee's complaint and agreement to prosecute, Defendant, Officer Gray, arrested the Plaintiff and charged him with attempted criminal simulation on August 27, 2014. Plaintiff was incarcerated and kept in jail after his arrest for several days.
>
> 3.8. At the time of his arrest, the Plaintiff was on probation with Community Corrections. On September 11, 2014, Plaintiff was arrested for violating the conditions of his probation by being arrested for the attempted criminal simulation charge.
>
> 3.9. On October 23, 2014, Plaintiff, on advice of his counsel, pled guilty to the charge of attempted criminal simulation and was sentenced to eleven months and twenty nine days probation.
>
> 3.10. On the same day, October 23, 2014, on advice of his counsel, the Plaintiff pled guilty to violating this probation and was sentenced to five years in Community Corrections, after serving ninety days in jail. Plaintiff began his jail term on November 19, 2014.
>
>     \*    \*    \*
>
> 3.12. On July 2, 2015, after the United States Secret Service examined the twenty dollar bill possessed by the Plaintiff and determined that the bill was not counterfeit, the charges against the Plaintiff were dismissed by the State. By this time, the Plaintiff had already served ninety days in jail for a crime he did not commit.

(Docket No. 1, Complaint at 2-4).

Plaintiff brings federal and state law claims against Officer Gray, claiming malicious prosecution in violation of the Fourth Amendment and the Tennessee Governmental Tort Liability Act. He also brings state common law claims against Defendant Walgreen for malicious prosecution and the negligent infliction of emotional distress. In its present Motion, Walgreen argues that

"Plaintiff's Complaint fails to plea a sufficient facts [sic] to support the elements of a malicious prosecution claim; consequently this action should be dismissed." (Docket No. 9 at 1). The Court disagrees.

## II.

"To establish the essential elements of an action for malicious prosecution, the plaintiff must show that (1) a prior suit or judicial proceeding was brought against plaintiff without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in favor of plaintiff." Christian v. Lapidus, 833 S.W.2d 71, 73 (Tenn. 1992). Walgreen advances several grounds for dismissal of the malicious prosecution claim:

> First, the Plaintiff fails to plead sufficient facts to support that his criminal proceeding terminated in his favor because upon advice of Plaintiff's counsel his plea agreement with the State of Tennessee negated this essential element of his claim. Second, the Plaintiff fails to plead sufficient facts to support that there was a lack of probable cause in believing the twenty dollar bill was counterfeit because multiple witnesses believed the bill was counterfeit. Further, Walgreen Co. is merely an alleged reporting party and did not make the ultimate decision to arrest and prosecute the Plaintiff. Walgreen Co. is also afforded immunity from a malicious prosecution action under T.C.A. § 40-7-116 and T.C.A. § 39-14-122. Third [sic], the Plaintiff fails to plead sufficient facts to support that there was malice or a primary purpose other than that of bringing defender to justice based upon the face of the Complaint.

(Id.). The Court considers the arguments in turn.

## A.

As noted, to succeed on a malicious prosecution claim, Plaintiff must show that the underlying proceedings were terminated in his favor. This he cannot do, according to Walgreen, because he pled guilty to the charge of criminal simulation. In support of its position, Walgreen places primary emphasis on Landers v. Kroger Co., 539 S.W.2d 130 (Tenn. Ct. App. 1976), a decision that it argues the Court should find "instructive." (Docket No. 10 at 4).

3

Landers may be instructive, but not for the reasons advanced by Walgreen. That case involved the criminal prosecution of a University of Tennessee student for allegedly passing a bad check at a Kroger store. After a jury returned a verdict awarding compensatory and punitive damages on plaintiff's malicious prosecution claim, the appeals court held that a directed verdict should have been entered in Kroger's favor because plaintiff had not established that the underlying proceedings had been resolved in her favor. Rather, the record showed that, once it was discovered plaintiff was a minor, authorities at the juvenile court contacted Kroger which agreed to "dismiss the prosecution" so that the matter could be handled on "an informal basis." Id. at 131.

Citing several cases which "enunciate[d] the general rule that a termination of a suit by way of compromise and settlement is not sufficient to support an action for malicious prosecution," the appeals court held that plaintiff had "failed to carry the burden of proving that the criminal proceeding terminated in favor of the 'accused,' which is an essential element necessary to recover in a malicious prosecution action." Id at 133. The other cases on which Walgreen relies are of the same ilk. Meeks v. Gasaway, 2013 WL 690842at *6 (Tenn. Ct. App. Dec. 30, 2013)(holding that "judgments based on settlements between the parties are explicitly excluded from being considered as favorable terminations for the purposes of a malicious prosecution claim"; Dirks v. Tudors, 2009 WL 1372180, at *1 (Tenn. Ct. App. May 18, 2009) (citing Landers for the proposition that "[a] dismissal by way of compromise and settlement is not sufficient to support a plaintiff's claim that the charge was terminated in the plaintiff's favor"); Osagie v. Peakload Temp. Servs., 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002) (noting "that one of the elements necessary to establish a malicious prosecution is that the prior action was finally determined in the plaintiff's favor," and stating that where plaintiff "pled guilty to assault, and was convicted of the crime," element was missing since

4

"the prior action was determined against him").

Here, Plaintiff pled guilty to the criminal simulation charge and in this sense entered a compromise/settlement agreement. But cases such as Christian, Osagie, speak in terms of a *final* and favorable termination, and others such as Warren v. Columbia/HCA Healthcare Corp., 2002 WL 554417, at *2 (Tenn. Ct. App. April 15, 2002) speak in terms of the underlying suit *ultimately* being resolved in plaintiff's favor. The underlying criminal case which serves as the basis for the present suit was finally and ultimately resolved in Plaintiff's favor – the charges were dismissed by the prosecutors because the $20 bill was not counterfeit and Plaintiff had not committed the crime charged. See, Rembert v. Fishburn, 2015 WL 5842149, at *2 (M.D. Tenn. Oct. 6, 2015) (stating that where plaintiff did not allege that underlying criminal had been terminated, malicious prosecution claim was "premature and, as such, subject to dismissal without prejudice to Plaintiff's ability to reassert such claims if he is eventually exonerated on the pending charges"); Spicer v. Thompson, 2004 WL 1531431, at *23 (Tenn. Ct. App. July 7, 2004) ("The entry of a *nolle prosequi* whether or not the defendant in the criminal case has been put in jeopardy is a sufficient termination in favor of the defendant in the criminal prosecution to comply with the rule in malicious prosecution cases that the underlying suit must have been terminated in favor of the defendant"); Elkins v. Summit Cnty., Ohio, 2009 WL 1150114, at *10 (N.D. Ohio Apr. 28, 2009) (holding that element requiring "termination of the prior lawsuit in favor of the claimant" was met "when he was exonerated and released from prison").

**B.**

Probable cause is commonly said to exist "if, at the time of the arrest, the facts and circumstances within the knowledge of the officers, and of which they had reasonably trustworthy

5

information, are sufficient to warrant a prudent [person] in believing that the [defendant] had committed or was committing an offense." State v. Echols, 382 S.W.3d 266, 277-78 (Tenn. 2012) (quotation mark omitted) (collecting cases). "Properly defined, probable cause requires only the existence of such facts and circumstances sufficient to excite in a reasonable mind the belief that the accused is guilty of the crime charged," and "is to be determined solely from an objective examination of the surrounding facts and circumstances." Roberts v. Fed. Exp. Corp., 842 S.W.2d 246, 248 (Tenn. 1992).

Walgreen asserts that "based on the allegations contained within the complaint alone, there was good and reasonable ground for Walgreen to believe the bill was counterfeit." (Docket No. 10 at 8). It argues:

> First, based upon the allegations in the Complaint, multiple witnesses, including at least three, trained police officers believed the bill was counterfeit. Moreover, Plaintiff, himself, believed that the bill was counterfeit. Finally, the Complaint indicates that Plaintiff's criminal counsel, after considering the evidence, advised the Plaintiff to enter into a plea agreement. Plaintiff's Complaint is devoid of any allegation that Walgreens' [sic] employees knew of facts such that their belief that the bill was counterfeit was unreasonable or in bad faith. Accordingly, Plaintiff's Complaint fails to plead sufficient facts from which this Court could find a plausible claim that Walgreens [sic] lacked probable cause to report the suspected use of a counterfeit bill to the police.

(Id.).

Given the foregoing argument, it is unclear whether Walgreen is claiming that Plaintiff has pled too little or too much. Regardless, Walgreen has over-characterized some the allegations, ignored others, made assumptions that are not necessarily warranted, and neglected to adequately consider "that where reasonable minds can differ as to the existence of probable cause a jury is to decide the issue." Roberts v. Fed. Exp. Corp., 842 S.W.2d 246, 249 (Tenn. 1992)

The Complaint alleges that a pharmacy employee thought the bill "'looked counterfeit'

6

because of its appearance and age"and that two Columbia police officers "decided" the bill was counterfeit, yet no one took reasonable steps to determine if, in fact the bill was real. The Complaint also alleges that Plaintiff believed the bill to be counterfeit, but this was only after his arrest and "based upon the advice of counsel."

Maybe the bill looked funny enough that no further inquiry by anybody was necessary and it was reasonable to ignore Plaintiff's entreaty to the officers that he had received the bill from a bank. But these are not issues which can be resolved on the pleadings. Rather, development of the record is necessary. It may ultimately be that Plaintiff cannot meet the "'heavy burden of proof' to show lack of probable cause," Schlueter v. S. Energy Homes, Inc., 252 F. App'x 7, 9 (6th Cir. 2007) (quoting, Kauffman v. A.H. Robins Co., 223 Tenn. 515, 448 S.W.2d 400, 404 (1969)), but that is something which can only be decided after discovery.

## C.

Walgreen's remaining arguments require little discussion. It relies on Tenn. Code § 40-7-116(c) and Tenn. Code Ann. § 39-14-122 for the proposition that it is entitled to statutory immunity. However, the former statute provides immunity to merchants in cases of suspected theft, while the latter provides such immunity in worthless check cases, neither of which is alleged here. Regardless, the theft statute requires that a merchant have "reasonable grounds" and that it "[a]ct in a reasonable matter under the circumstances," Tenn. Code Ann. 40-7-116(c), and the bad check statute only applies if the check recipient "relies in good faith on [certain] permissible inferences" and provides notice," Tenn. Code Ann. § 39-14-122(a). Reasonableness and good faith cannot be determined in the absence of facts.

Walgreen next argues the "Complaint fails to plead sufficient facts to support the element

7

of malice." (Docket No. 10 at 11). However, Rule 9 of the Federal Rules of Civil Procedure specifically states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Moreover, for purposes of a malicious prosecution claim, the "claimant is not required to establish ill will or personal hatred, so long as he or she demonstrates an improper motive," which "may be inferred from a total absence of probable cause[.]" Preston v. Blalock, 2015 WL 3455384, at *4 (Tenn. Ct. App. May 29, 2015); see, Lewis v. Williams, 618 S.W.2d 299, 303 (Tenn. 1981) ("It is settled law that malice may be inferred from the fact that a criminal prosecution was brought without probable cause"); Hill v. White, 190 F.3d 427, 433 (6th Cir. 1999) (same, and observing that "Tennessee courts have also held that a showing of a lack of probable cause gives rise to a rebuttable presumption of malice").

Finally, Walgreen argues that it cannot be held liable because it was merely a reporting party, citing Kauffman v. A. H. Robbins, 448 S.W.3d 400 (1969) as support. However, Kaufman simply states that "[w]here facts are fully disclosed in good faith and with probable cause to believe they are true, a reporting party is not liable in an action for malicious prosecution if the public official erroneously institutes a criminal proceeding," and that "when false or incomplete statements are made to a police officer, with an improper motive, one may be liable for malicious prosecution although he does not actually initiate the prosecution." Id. at 522-23. Obviously, whether Walgreen acted in good faith and had probable cause cannot be determined based solely on the allegations contained in the Complaint. Besides, the Complaint also alleges that Walgreen caused and participated in the arrest and agreed to prosecute, and one can be liable for malicious prosecution if he takes "an active part in continuing or procuring the continuation of criminal proceedings." Bovat v. Nissan N/A, 2013 WL 6021458, at *3 (Tenn. Ct. App. Nov. 8, 2013) (citing Pera v. Kroger

8

Co., 674 S.W.2d 715, 722 (Tenn.1984)). Walgreen's actual role cannot be definitively determined based upon the Complaint.

**IV.**

On the basis of the foregoing. Walgreen's Motion to Dismiss will be denied. An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE